UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND, THE
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK, and the NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

                    Petitioners,

                    -v.-

JB SQUARED CONSTRUCTION CORP.,

                    Respondent.

20 Civ. 2659 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund, Trustees of the New York City District Council of Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds"), and the New York City District Council of Carpenters (the "Union," and together with the Funds, "Petitioners"), have filed this motion for summary judgment on their petition (the "Petition") to confirm a December 11, 2019 arbitral award (the "Award"), pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C. § 185. In addition to seeking confirmation of the Award, prejudgment interest from the date of the Award

through the date of judgment at the annual rate of 7.5%, and post-judgment interest at the statutory rate, Petitioners also seek to recover the attorneys' fees and costs they have incurred in pursuing the Award's confirmation. Respondent JB Squared Construction Corp. has not opposed the Petition or the summary judgment motion, nor has it otherwise appeared in this action. For the reasons set forth in the remainder of this Opinion, Petitioners' motion is granted.

## BACKGROUND[1]

### A. Factual Background

Respondent and the Union are parties to an Independent Building Construction Agreement (the "CBA"), pursuant to which Respondent is required to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. (Pet. 56.1 ¶¶ 6, 11; *see also* Davidian Decl., Ex. A). The CBA also requires that Respondent furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. (*Id.* at ¶ 12).

In the event of a dispute or disagreement between the parties, the CBA permits either party to initiate arbitration proceedings before a designated arbitrator. (Pet. 56.1 ¶ 15). The CBA provides that in the event that the

---

[1]   The facts in this Opinion are drawn from the Petition ("Pet." (Dkt. #1)); the declaration of William Davidian ("Davidian Decl." (Dkt. #12)); the declaration of Nicole Marimon ("Marimon Decl." (Dkt. #13)); the Award (Dkt. #12-7); and Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #15)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.

arbitrator finds in favor of the Funds in a dispute regarding delinquent contributions, the arbitrator is empowered to award interest, liquidated damages, and costs as applicable. (*Id.* at ¶ 16). The CBA further binds the parties to the Funds' collection policy, which provides that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (i) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (ii) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; and (iii) reasonable attorneys' fees and costs incurred by the Funds in collecting the delinquencies. (*Id.* at ¶¶ 13-14, 17).

Petitioners conducted an audit of Respondent covering the period October 1, 2016, through December 29, 2018, to determine whether Respondent had remitted the proper amount of contributions to the Funds. (Pet. 56.1 ¶ 18). The audit determined that Respondent had failed to remit required contributions to the Funds and owed a principal deficiency of $9,798.60. (*Id.* at ¶¶ 19-20).

Following the audit and pursuant to the CBA's arbitration clause, Petitioners initiated an arbitration proceeding (the "Arbitration") before the designated arbitrator, Roger E. Maher (the "Arbitrator"). (Pet. 56.1 ¶ 21). The Arbitrator proceeded to notify Respondent by mail that he would be conducting a hearing on the dispute on December 5, 2019. (*Id.*; *see also* Davidian Decl.,

Ex. F). On the date of the hearing, Respondent did not appear, though Petitioners submitted evidence that Respondent had legally sufficient notice of the proceeding and the claims against them. (Davidian Decl., Ex. G at 1). The Arbitrator found Respondent in default and proceeded to hear Petitioners' testimony and evidence as to their claims. (*Id.* at 1-2).

On December 11, 2019, the Arbitrator issued the Award, and found that Respondent had been "delinquent" in its payment obligations under the CBA. (Pet. 56.1 ¶¶ 22-23). Pursuant to this finding, the Arbitrator ordered Respondent to pay Petitioners $18,091.55, consisting of: (i) the principal deficiency of $9,798.60; (ii) total interest of $1,576.31; (iii) liquidated damages of $1,959.72; (iv) promotional fund contributions of $61.92; (v) court costs of $400; (vi) attorneys' fees of $1,500; (vii) arbitrator's fees of $500; and (viii) audit costs of $2,295. (*Id.* at ¶ 23). Lastly, the Arbitrator found that interest at the annual rate of 7.5% would accrue on the Award from the date of its issuance. (*Id.* at ¶ 24).

**B.    Procedural Background**

On March 30, 2020, Petitioners filed this Petition to confirm the Award and to be further awarded the attorneys' fees and costs arising out of the Petition. (Dkt. #1). On June 18, 2020, Petitioners submitted an affidavit to the Court indicating that Respondent had been served by mail. (Dkt. #7). On July 16, 2020, the Court ordered Petitioners to move for confirmation of the Award in the form of a motion for summary judgment, with opening papers due July 30, 2020. (Dkt. #9). The Court ordered Respondent to file any opposing

papers by August 13, 2020, and ordered Petitioners to file any reply papers by August 20, 2020. (*Id.*).[2] Petitioners filed their summary judgment motion on July 27, 2020 (Dkt. #11-15), and on July 30, 2020, submitted an affidavit to the Court indicating that their motion papers had been served upon Respondent (Dkt. #16). Respondent has neither filed opposition papers nor appeared in the case. As such, the motion is ripe for the Court's consideration.

## DISCUSSION

**A.  The Court Confirms the Arbitration Award**

    **1.  Applicable Law**

        **a.  Confirmation of Arbitral Awards**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards." *Id.* at 139. And with respect to the arbitration of labor disputes, "the federal policy in favor of enforcing arbitration awards is particularly strong[.]" *New York Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). As the Second Circuit observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining

---

[2]    On July 20, 2020, Petitioners submitted an affidavit to the Court reflecting that the Court's July 16, 2020 Order had been served upon Respondent by mail. (Dkt. #10).

5

agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). And judicial review of an arbitration award under the LMRA is "very limited." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam). When a court reviews a labor dispute arbitration, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Id.* (internal quotation marks omitted). "[U]nless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, No. 15 Civ. 781 (LGS), 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement … ,' it must be confirmed." *Id.* (quoting *Niagara Mohawk Power Corp.*, 143 F.3d at 714).

### b. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP* v. *New York Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *D.H. Blair & Co.*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*

*Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

### 2. Analysis

The Court finds the Petition to be well-supported by the record, particularly given the deferential LMRA standard. Further, there are no material facts in dispute. Respondent has not contested any of the material facts upon which Petitioners' motion for summary judgment is based, and the record reflects no prior dispute concerning those facts.

Petitioners have established that Respondent was bound to the CBA, under which it was responsible for making certain payments to the Funds. (Pet. 56.1 ¶¶ 6-11). During an audit of Respondent, a dispute arose when the audit found that Respondent had failed to make certain of its required contributions. (*Id.* at ¶ 19). Accordingly, Petitioners pursued arbitration under the terms of the CBA.

During the arbitration proceedings, Petitioners submitted ample evidence of the delinquencies in Respondent's payments, including through the testimony of their auditor and the submission of the auditor's report. (Davidian Decl., Ex. G at 2). The auditor's testimony detailed the accounting

method employed during the audit and the methodology used to compute Respondent's delinquencies.  (*Id.*).  The auditor's report established that the total amount of the delinquencies and interest was $13,334.63, and Petitioners submitted further evidence computing the additional amounts due with respect to attorneys' fees, the arbitrator's fee, court costs, audit costs, and the promotion fund fee, plus additional shortages.  (*Id.*).  Based upon this record, the Arbitrator found that the Funds were entitled to $18,091.55.  (*Id.* at 3).

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Morgan Marine LLC*, No. 17 Civ. 1734 (ER), 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp.* v. *Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)).  The grounds for the Award are readily discernible from the Arbitrator's written decision.  (*See generally* Davidian Decl., Ex. G).  And the Arbitrator acted within the scope of his authority under the CBA in issuing the Award, which was based on the provisions of the CBA and the Funds' collection policy, as well as undisputed testimony.  (*See* Pet. 56.1 ¶¶ 15-17).  Further, despite being properly served, Respondent did not appear in this case to dispute any of the Arbitrator's findings, nor did it dispute the contents of the Award.  Both the record provided and the deferential level of review due under the LMRA require this Court to confirm the Award.

Petitioners also seek to confirm the Arbitrator's decision that prejudgment interest at the rate of 7.5% would accrue on the Award from the

date of its issuance to the date of the issuance of this Opinion and Order. (Pet. 56.1 ¶ 24; Dkt. #1 at 8). "[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Waterside Ocean Navigation Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 153-54 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists* v. *United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest). As such, district courts in this Circuit have regularly exercised their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Modular Sys. Installations, Inc.*, No. 17 Civ. 6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO* v. *Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases)). "Determining the rate of interest to be applied is also within the discretion of the district court." *Stone Park Assocs.*, 326 F. Supp. 2d at 555.

The Court grants Petitioners' request for prejudgment interest on the Award from December 11, 2019, the date of its issuance, through today, the date of judgment in this action, at an annual rate of 7.5%. Although "the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." *Stone Park Assocs.*, 326 F. Supp. 2d at 555; *see, e.g., N.Y.C. Dist. Council*

10

*of Carpenters* v. *Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020) (granting prejudgment interest at the rate of 9% after confirming an arbitration award). Given "the presumption towards granting prejudgment interest, and the fact that Petitioners have requested an accrual rate lower than the general practice in this Circuit," the Court grants Petitioners' request for prejudgment interest. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Air Flooring Solutions, LLC*, No. 19 Civ. 11065 (KPF), 2020 WL 2571042 at *4 (S.D.N.Y. May 21, 2020) (granting prejudgment interest at the rate of 7.5% after confirming an arbitration award); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Furniture Business Solutions, LLC*, No. 20 Civ. 2867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Triangle Enter. NYC Inc.*, No. 20 Civ. 793 (RA), 2020 WL 2306484, at *6 (S.D.N.Y. May 8, 2020) (same). Petitioners are granted prejudgment interest from the date of the Award through the date of judgment in this action at a rate of 7.5%, resulting in $1,278.80 in prejudgment interest.

The Court will also award post-judgment interest at the statutory rate specified by 28 U.S.C. § 1961. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE),

11

2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (observing that awards of post-judgment interest in actions to confirm arbitration are mandatory).

**B.     The Court Grants in Part Petitioners' Application for Attorneys' Fees and Costs**

    **1.     Applicable Law**

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.* However, an award of attorneys' fees and court costs is proper when consistent with the parties' contractual obligations under the CBA. *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017). When the contract requires payment, parties may recover attorneys' fees in accordance with its terms.

In addition, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). "In confirmation proceedings, 'the guiding principle has been stated as follows: [W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension*

*Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether an attorney's fee is reasonable requires a court to assess that attorney's hourly rate and the number of hours she billed at that rate.  "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'"  *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)).  An hourly rate is considered reasonable when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012).  And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee."  *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (internal quotation marks and citation omitted).

As for costs, courts in this Circuit will "generally grant those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v.

13

*Metroplex Serv. Grp., Inc.,* No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (quoting *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

### 2. Analysis

The CBA and the Funds' collection policy provide that the Funds are entitled to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a "delinquent employer." (Pet. 56.1 ¶¶ 26, 27). Petitioners accordingly seek $2,864 in attorneys' fees and $2.63 in costs. (*Id.* at ¶¶ 31, 32). Because Respondent agreed to a CBA and collection policy that specified for the recovery of fees and costs in these circumstances, failed to participate in the initial arbitration after receiving notice, and did not oppose Petitioners' application for confirmation of the Award, the Court concludes that Petitioners are entitled to recover their fees and costs from the instant action.

In support of their request for fees, Petitioners submitted the time records of their counsel, documenting the hours worked and activities performed in support of this action. (*See* Marimon Decl., Ex. H). Petitioners were represented in this action by the law firm of Virginia & Ambinder, LLP ("V&A"). A total of 13.9 hours of work was completed by one V&A partner, Nicole Marimon, who billed at $350 per hour, and several legal assistants, who each billed at $120 per hour. (Marimon Decl. ¶¶ 4-5). On review of the contemporaneous time records, the number of hours expended is reasonable and the invoice reflects "sound billing practices." *Metroplex Serv. Grp., Inc.,* 2018 WL 4141034, at *6. However, with respect to the amounts requested by

Ms. Marimon, the Court finds that her rate is above the range of fees ordinarily awarded for similar services in other cases. "[C]ourts in this circuit have generally held that $300 is a reasonable rate for partners engaging in the work done here." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Shorecon-NY, Inc.*, No. 17 Civ. 5210 (RA), 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020) (collecting cases). Ms. Marimon is a 2014 graduate of Fordham Law School and has experience serving as lead counsel for multiemployer employee benefit plans in ERISA litigation. (Marimon Decl. ¶ 4). Over the course of this past year, she has sought and been awarded fees at a rate between $275 to $300 per hour by courts in this Circuit, including by this Court. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *All Flooring Sols., LLC,* No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *6 (S.D.N.Y. May 21, 2020) (granting Ms. Marimon's request for attorneys' fees at a rate of $275 per hour); *Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds* v. *Excel Installations, LLC*, No. 19 Civ. 3012, 2020 WL 429135 (ERK) (SMG), at *5 (E.D.N.Y. Jan. 27, 2020) (awarding Ms. Marimon attorneys' fees at a rate of $300 per hour "given her position as partner"). And when Ms. Marimon has requested attorneys' fees at a rate of $350 per hour for work performed in 2020, several courts have declined to award her that rate. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship,*

*Journeyman Retraining, Educ. and Indus. Fund* v. *Galt Installations, LLC*, No. 20 Civ. 2582 (JGK), 2020 WL 6274774, at *3 (S.D.N.Y. Oct. 26, 2020) (finding that $350 per hour was "above the range of fees ordinarily awarded . . . for similar services in other cases"); *Shorecon-NY, Inc.*, 2020 WL 3962127, at *5 (reducing Ms. Marimon's rate to $300 per hour for work performed in 2020); *Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *5 (observing that "Ms. Marimon [had requested] a rate of $275 per hour for work performed only two to three months earlier"). Accordingly, this Court's view is that a rate of $325 per hour for Ms. Marimon's work is more appropriate here.

The Court finds the requested rate of $120 per hour for the work performed by V&A legal assistants to be reasonable. *See Triangle Enter. NYC Inc.*, 2020 WL 2306484, at *6 (awarding fees to legal assistants at a rate of $120 per hour); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Skyeco Grp. LLC*, No. 19 Civ. 7608 (LGS), 2019 WL 6497533, at *3 (S.D.N.Y. Dec. 3, 2019) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M&B Builders Grp. Inc.*, No. 18 Civ. 5074 (GHW), 2018 WL 6067229, at *6 (S.D.N.Y. Nov. 19, 2018) (same). In addition, other judges in this Circuit have awarded these fees for V&A legal assistants in confirmation proceedings. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JAS Construction Co., Inc.*,

No. 20 Civ. 1001 (RA), 2020 WL 4016841, at *6 (S.D.N.Y. July 16, 2020); *All Flooring Sols.*, 2020 WL 2571042, at *6.  In sum, Petitioners' request for attorneys' fees is granted, but at the reduced rate of $325 per hour for Ms. Marimon's work.  The Court accordingly grants the application for total attorneys' fees in the amount of $2,734.00.

With respect to Petitioners' request for $2.63 in costs, this Court finds the request to be reasonable.  This minimal figure excludes the $400 in costs awarded by the Arbitrator, and appears to consist of legal research and mailing costs.  (Marimon Decl., Ex. H at 3).  The Court will grant such "reasonable out-of-pocket expenses." *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6.

## CONCLUSION

For the reasons explained above, the Petition is GRANTED.  Judgment will be entered in the amount of $22,106.98, which consists of the arbitration award of $18,091.55, $1,278.80 in prejudgment interest, $2,734.00 in attorneys' fees, and $2.63 in costs.  Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   November 19, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge